FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 FEB -3  PM 12: 03

U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES OF AMERICA,                    )
                                             )
        Plaintiff,                           )
                                             )     CV-97-P-1475
-vs.-                                        )
                                             )
HUBERT F. HEBRANK, THELMA                    )
HEBRANK, and COLONIAL                        )
BANK,                                        )
                                             )
        Defendants.                          )     FEB 0 3 1999

## MEMORANDUM OPINION

Before the court is the Motion of United States of America for Summary Judgment Against

Defendant Hubert F. Hebrank, filed April 27, 1998.[1]  The motion was considered at the May 29 ,

1998 motion docket, without oral argument, after which time the court took the motion under

submission.  After careful consideration of the motion, briefs, and evidence presented, the court finds

that the motion by the United States is due to be granted in part.

### Facts[2]

This is an income tax collection action by the United States of America against Hubert

---

[1] Although the summary judgment motion purports to only apply to Hubert Hebrank, the motion actually affects the other two defendants as well.

[2] The facts are presented in the light most favorable to the non-moving party.

1

39

Hebrank relating to the years 1980-81, and 1983-84,[3] in which Hebrank reported no taxable income.[4] At the time the United States filed its motion for summary judgment, Mr. Hebrank owed approximately $95,000 to the Internal Revenue Service ("IRS"), including penalties and interest. In order to collect on the amount due, the IRS filed suits against the Hebranks in both Alabama and Florida.[5] Mr. Hebrank and his wife live in Florida but own property in Clay County, Alabama.[6] The Clay County property is owned by both Mr. and Mrs. Hebrank as joint tenants with right of survivorship. In the action currently before the court, the IRS seeks to foreclose upon the Hebranks' Clay County, Alabama property, sell the property, and apply the proceeds to Mr. Hebrank's outstanding federal tax debt. The United States also seeks a deficiency judgment for any amount of Mr. Hebrank's federal tax liability remaining after the distribution of the proceeds of the sale of the Clay County property.[7]

Mr. Hebrank responded to the motion for summary judgment by asserting that he is not a taxpayer and that the Internal Revenue Code does not apply to him. Hebrank states that his job as

---

[3]Hebrank's tax liability for the year 1982 has been satisfied.

[4]The IRS determined the amount of taxable income by examining Mr. Hebrank's W2 statements filed by Mr. Hebrank's employers.

[5]In Florida, where the Hebranks own no property, the IRS has apparently attached the couple's Social Security payments.

[6]The Hebranks actually own two parcels of property which together comprise the "Clay County, Alabama property." The tracts are referred to as "Tract 19" and "Tract 20."

[7]In March of 1993, the Hebranks mortgaged Tract 20 to Colonial Bank. The original mortgage amount was $20,046.65. The balance of the mortgage owed by the Hebranks, as of April 15, 1998, is $12,041.14. In its answer, Colonial Bank acknowledges that it holds an interest in Tract 20, but asks the court to find that Colonial Bank's interest is superior to the United States' and order that the proceeds from any sale of Tract 20 be paid first to Colonial Bank.

a pipefitter for a non-profit company renders him invulnerable to federal income tax liability. Hebrank also asserts that the IRS's reliance on his employers' filing of W2 forms should not operate to classify Hebrank as a "taxpayer."

Analysis

Under 26 U.S.C. § 6321-22, when a taxpayer neglects or refuses to pay his assessed federal income tax liabilities after demand for payment by the IRS, federal tax liens may arise on all property and rights to property owned by the taxpayer. In order to enforce its liens, the United States, as a creditor, can sue the delinquent taxpayer to collect the debt owed. In such an action, the court may "adjudicate all matters," including the amount of the taxpayer's liability. 26 U.S.C. § 7403(b).

In a suit by the Government to enforce federal tax liens against the taxpayer's property, the court presumes that the IRS's determination of the amount of the taxpayer's income tax liability is correct.[8] See United States v. Cila, 871 F.2d 1015, 1018 (11th Cir. 1989) (quoting United States v. Dixon, 672 F.Supp. 503, 505 (M.D. Ala. 1987), aff'd, 849 F.2d 1478 (11th Cir. 1988)). The burden then shifts to the taxpayer to show that the income tax assessments were "arbitrary or capricious." See Bar L. Ranch, Inc. v. Phinney, 426 F.2d 995, 998-99 (5th Cir. 1970) (citing United States v. Lease, 346 F.2d 696 (2d Cir. 1965). If the taxpayer is successful in producing evidence to show that the assessments were arbitrary or capricious, then the burden once again shift back to the Government to show the amount of the deficiency owed. Id.

In this case, Mr. Hebrank's evidence fails to show that the IRS's determination of his tax liability was arbitrary or capricious. Hebrank's assertions that he is a "tax protestor" and that the IRS

---

[8]This presumption is available wherein the IRS has submitted Certificates of Assessments and Payments.

3

improperly determined his tax liability based on his employers' W2 forms are insufficient to meet the arbitrary and capricious standard. Because Hebrank has presented no evidence to rebut the Government's findings, the court is satisfied that the tax liability claimed against Mr. Hebrank was properly assessed.

As to the collection of the tax liabilities, this court is guided by United States v. Rogers, 461 U.S. 677 (1982). Under Rogers, the court has discretion in determining whether to order the sale of an entire piece of real property, including the interest owned by a joint tenant with right of survivorship, where only one of the tenants owes federal taxes. See Rogers, 461 U.S. at 706. While Section 7403 of the I.R.C. "does not require a disrict court to authorize a forced sale under absolutely all circumstances," it does allow for "reasoned discretion" based upon certain factors. Id. First, a court should consider the prejudice to the Government if forced to sell only a partial interest in the property.[9] Id. at 710. Second, a court should look to whether the third party had a reasonable expectation that the property at issue "would not be subject to forced sale by the delinquent taxpayer or his . . . creditors." Id. Next, the court should consider the prejudice that may likely result to the third party. Id. at 711. Finally, the court should look to the "relative character and value of the non-liable and liable interests held in the property." Id. Although these factors are not exhaustive and do allow for limited discretion, the court must also keep in mind "the Government's paramount interest in prompt and certain collection of delinquent taxes." Id.

In the court's reasoned discretion, the interests of justice require the forced sale of the entire parcel of property owned by Mr. and Mr. Hebrank in Clay County, Alabama to satisfy the outstanding

---

[9]The court could order a sale of the delinquent taxpayer's interest in the property without intruding on the non-delinquent third party's interest.

4

tax liability. The court finds that the Government will be severely hampered in its collection efforts if forced to sell only Mr. Hebrank's interest in the property. Although Mrs. Hebrank may have expected her interest in the property to be immune from her husband's creditors,[10] when weighing the prejudice to Mrs. Hebrank and relative values of the two interests in the property, the court finds that the equities weigh in favor of selling the entire parcel.

Although the court believes that a forced sale is necessary given the circumstances of this case, the court also recognizes that Mrs. Hebrank is entitled to a share of the proceeds resulting from the sale of the entire parcel. Therefore, the court finds that within thirty (30) days after the entire parcel (including Tracts 19 and 20) is sold, the parties should submit further evidence to the court so that a determination may be made as to the distribution of the proceeds of the sale.

### Conclusion

For the forgoing reasons, the court finds that the Plaintiff's motion is due to be granted.

Date: *Feb. 3* , 1999.

Chief Judge Sam C. Pointer, Jr.

Service List:
    G. Douglas Jones
    Sharon Simmons
    Cynthia Lewis Stier
    Hubert F. Hebrank
    Thelma Hebrank

---

[10]Mrs. Hebrank has filed a Brief in response to the Government's Motion for Summary Judgment and has joined her husband in signing pleadings.

5